UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NZINGA BEGUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-02586 (UNA) |
| ) | |
| BANK OF NEW YORK MELLON ) | |
| TRUST COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the purported *pro se* notice of removal ("Not."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2, filed by Nzinga Begum, who also lists several pseudonyms, *see* Not. at 1–2, 4–6. For the reasons explained below, the Court hereby denies Begum's IFP application and dismisses this matter.

Both of Begum's submissions are quite difficult to follow. In her IFP application, Begum merely asserts that she is exempt from federal taxation. *See* IFP App. at 1. Even assuming *arguendo* that statement is true, it does not exempt her from complying with the requirements to provide the Court with her relevant financial information in accordance with 28 U.S.C. § 1915(a)(1), or to alternatively submit the filing fee attributable to civil actions in this District. As it stands, the Court is without any information regarding Plaintiff's financial circumstances, and she has thus failed to establish that she qualifies for IFP status.

Begum's "notice" fares no better. She has supplied only a P.O. Box address, *see* Not. at 1, which is only allowed upon leave of court, *see* D.C. LCvR 5.1(c)(1); *see also* Mail Returned as

Undeliverable to Begum, ECF No. 3. The charges that follow are nebulous, at best. As far as it can be discerned, Begum takes issue with (1) civil and criminal proceedings in the 21st Judicial Circuit of Missouri, located in St. Louis, and (2) bankruptcy proceedings in the United States District Court for the Eastern District of Missouri. *See* Not. at 1–5. She seeks to remove those cases, in which she named as a defendant, to this District, *see id.*, but she faces insurmountable hurdles.

First, although Begum has presented this matter as a removal, there is absolutely no indication that the state matters were actually removed from the 21st Judicial Circuit of Missouri, or any other local court. In essence, Begum has attempted to open a civil matter without a complaint, which she may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint . . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]") (citing Fed. R. Civ. P. 3).

Second, a defendant is required to file for removal in the district court for the district and division within which such action is pending. *See* 28 U.S.C. §§ 1455(a), 1446(a). None of these cited state actions were ever pending in a District of Columbia local court; therefore, they may not be removed to this federal District.

Third, to the extent that Begum attempts to "remove" a case from the Eastern District of Missouri to this district, she may not do so. She cites to no authority under which a defendant may "remove" a case from one district to another, nor is the Court of aware of any. Indeed, this Court lacks subject-matter jurisdiction to review the decisions of other federal district courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court

"to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

In short, Begum is asking a federal court in Washington, D.C. to intervene in civil and criminal matters that were filed in state and federal courts in Missouri, but this Court cannot do so. Accordingly, this case is dismissed. A separate Order accompanies this Memorandum Opinion.

Date: November 22, 2024

/s/_____
ANA C. REYES
United States District Judge